IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIN E. ABNEY,

       Plaintiff,

v.                                                       No. 98cv0990 SC/JHG

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      This matter is before the Court on Plaintiff's (Abney's) Motion to Reverse and Remand for a Rehearing, filed July 2, 1999. The Commissioner of Social Security issued a final decision denying Abney's application for supplemental security income. The United States Magistrate Judge, having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, finds the motion is well taken and recommends that it be GRANTED.

      Abney, now twenty seven years old, filed her application for supplemental security income benefits on January 26, 1995, alleging disability since April, 1993. Abney claimed the following impairments: 1) substance abuse; 2) depression; 3) post-traumatic stress disorder; and 4) anxiety attacks. On December 5, 1996, the Commissioner's Administrative Law Judge (ALJ) denied benefits because he found Abney could perform her past relevant work. On July 26, 1998, the Appeals Council concluded there was no basis under Social Security Administration regulations

for granting Abney's request for review. Thus, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. Abney seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §405(g).

In his December 5,1996 decision, the ALJ found Abney had severe impairments consisting of substance abuse, depression, post-traumatic stress disorder, and anxiety attacks. Tr. 11. However, the ALJ concluded Abney did not have any disorder or combination of disorders meeting or equaling in severity any of those described in the Listing of Impairments. *Id.* The ALJ found Abney had "symptom-producing medical problems" but found "her testimony and other evidence" did not credibly establish symptoms or functional limitations to the extent alleged. Tr. 12. The ALJ also found the medical record documented and substantiated Abney's symptoms but also indicated a residual capacity to perform basic work functions. *Id.* The ALJ then concluded that the record clearly documented and revealed continuing drug abuse which confirmed a clear and direct link between Abney's substance abuse and her disabling impairments. The ALJ ultimately found that "apart from her obvious problem with poly-drug abuse" Abney was not disabled. *Id.* The ALJ found Abney's drug abuse was material to her disability and found her ineligible for disability benefits. *Id.*

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395

(10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show she is not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities, and her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or she is unable to perform work she had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.*

In support of her motion to reverse and remand, Abney makes the following arguments: 1) the ALJ's Listing of Impairments analysis is not supported by substantial evidence and is contrary to law; 2) the ALJ's analysis at step four of the sequential evaluation is not supported by substantial evidence and is contrary to law; and 3) the ALJ failed to issue a finding of disability before considering the materiality of Abney's substance abuse is contrary to law.

In his December 5, 1996 decision, the ALJ found Abney "had not had any disorder or combination of disorders meeting or equaling in severity any of those described in the Listing of Impairments, Subpart P, Appendix1, Social Security Regulations No. 4" and claimed he had "reviewed Section 12.00 *et seq.* of the listing level impairments." Tr. 11. Abney contends the ALJ failed to provide his analysis for this conclusion. The Court agrees. Abney was diagnosed with "personality disorder with oppositional and passive aggressive and borderline features." Tr. 214, 234, 294. The record supports a finding that Abney's personality disorder meets the A-criteria of Personality Disorder, Listing 12.08 (A).[1] The ALJ's finding that Abney did not have "any disorder or combination of disorders meeting or equaling in severity any of those described in the Listing of Impairments" is not supported by substantial evidence and is contrary to law. On remand the ALJ should proceed to analyze Abney's personality disorder under the B-criteria.[2] Furthermore, the ALJ must not consider the materiality of Abney's substance abuse until he has evaluated Abney's personality disorder under the B-criteria.[3]

---

[1] Listing 12.08 states in pertinent part:

*Personality Disorders:* A personality disorder exists when personality traits are inflexible and maladaptive and cause either significant impairment in social or occupational functioning or subjective distress. Characteristic features are typical of the individual's long-term functioning and are not limited to discrete episodes of illness.

[2] The second part of each listing for mental impairments, subsection B, describes those functional limitations associated with mental disorders which are incompatible with the ability to work. The B-criteria are used to assess severity.

[3] On March 29, 1996, Congress amended provisions of both Title II (disability insurance benefits) and Title XVI (supplemental security income) to provide that "[a]n individual shall not be considered to be disabled for purposes of this title if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." Contract With America Advancement Act of 1996, Pub.L. 104-121, §105(a)(1), (b)(1), 110 Stat. 847, 852, 853 (codified as amended at 42 U.S.C. § 423(d)(2)(C),

Abney also claims the ALJ failed to follow the process set out under 20 C.F.R § 416.935. Under this section, a finding of disability by the ALJ is a condition precedent to the ALJ determining whether a drug addiction or alcoholism is a contributing factor material to the determination of disability. 20 C.F.R. § 416.935(a). Once the ALJ finds the claimant disabled, the ALJ follows the process outlined under section 416.935(b) to determine whether drug addiction or alcoholism is a contributing factor material to determining disability. This process requires the ALJ determine whether a claimant would still be disabled if he or she stopped using drugs or alcohol. 20 C.F.R. § 416.935(b)(1). In making this determination, the ALJ evaluates which of a claimant's current physical and mental limitations, upon which the ALJ determined disability, would remain if the claimant stopped using drugs or alcohol. 20 C.F.R. § 416.935(b)(2). If any of the remaining limitations would be disabling independent of the drug addiction or alcoholism, the ALJ will make a finding that the claimant's drug addiction or alcoholism is not a contributing factor material to determining disability. 20 C.F.R. § 416.935(b)(2)(ii). However, if the ALJ determines that a claimant's remaining limitations would not be disabling, the ALJ will make a finding that the claimant's drug addiction or alcoholism is a contributing factor material to determining disability. 20 C.F.R. § 416.935(b)(2)(i). On remand the ALJ should follow this process.

## RECOMMENDED DISPOSITION

The ALJ's decision is not supported by substantial evidence and is contrary to law. Abney's Motion to Reverse and Remand for a Rehearing, filed July 2, 1999, should be granted. This case should be remanded to the Commissioner to allow the ALJ to analyze Abney's

---

1382c(a)(3)(J) (1997).

personality disorder under the B-criteria of Listing 12.08.  In addition, the ALJ shall follow the process set out under 20 C.F.R § 416.935.

_____
**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.